UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No.: _____

DOMINGA A. RIVERA,                        )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )
                                          )
AUTONATION IMPORTS OF PALM                )
BEACH, INC. d/b/a Lexus of Palm Beach,    )
and VANESSA FERGUSON,                     )
                                          )
    Defendants.                           )

## COMPLAINT

Plaintiff DOMINGA A. RIVERA ("Rivera" or "Plaintiff") sues defendants AUTONATION IMPORTS OF PALM BEACH, INC. d/b/a Lexus of Palm Beach ("Lexus") and VANESSA FERGUSON ("Ferguson") (collectively, "Defendants") and alleges as follows:

### NATURE OF ACTION

1. This action arises out of Rivera's employment relationship with Defendants, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"). This is also an action to recover money damages for unpaid overtime wages under the laws of the United States[1].

### PARTIES

2. At all times material, Rivera was a resident of Palm Beach County, Florida.

---

[1] Plaintiff will file a Charge of Disability, National Origin, Race, and Sex Discrimination and Retaliation with the EEOC. As soon as the EEOC issues the Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the appropriate statutes.

1

3. At all times material to this Complaint, Rivera was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

4. At all times material, Lexus was an "employer" as defined by 29 U.S.C. § 2611(4), the FLSA and the Equal Pay Act.

5. At all times material, Lexus was a Florida corporation having its main place of business in Palm Beach County, Florida. Lexus is and at all times relevant was a car dealership and its business activity affected interstate commerce. Upon information and belief, Ferguson, at all times material, has resided in Palm Beach County, Florida.

## JURISDICTION AND VENUE

6. Rivera brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*. and the Fair Labor Standards Act. 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the FLSA" or the "Act") and the Equal Pay Act of 1963.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Rivera occurred within this judicial district and because Lexus has its principal place of business within the district, resides in the judicial district and because the employment records of Rivera are stored or have been administered in Palm Beach County.

## PROCEDURAL REQUIREMENTS

9. Rivera has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

10. Rivera worked for Lexus as a car washer and service porter since approximately October 23, 2005.

11. Lexus is a car dealership located in Palm Beach.

12. At all times relevant, Ferguson was Plaintiff's supervisor and also a Human Resources representative at Lexus.

13. Lexus considered Rivera a good employee.

14. From her date of hire until her unlawful termination, Rivera received satisfactory feedback from Lexus about her work performance.

15. On or about December 27, 2018, at around noon, Rivera complained to her supervisor, Armando Avilas ("Avilas"), that she had an excruciating pain in her stomach and back, and that such pain did not allow her to properly work.

16. Because of the excruciating pain, Rivera requested from Avilas to take the rest of the day off to go see her doctors. Avilas denied Rivera's request and demanded that Rivera work until midnight. Rivera obeyed.

17. After her shift, Rivera went to the emergency room, was immediately admitted and operated. Rivera's doctors cautioned her that if she had waited any longer, the results could have been fatal.

18. At all times, Rivera kept Lexus informed of her situation, her emergency operation and her recovery. Lexus allowed Rivera to take days off until she was released by her doctors.

19. On or about January 28, 2019, after being released by her doctors, Rivera went back to work.

20. Upon arrival, Lexus began to demand more things from Rivera. For instance, on top of her typical work assignments, Rivera's supervisors required her to make coffee for all employees, required her to climb high ladders (even though Lexus knew that Rivera's scars from the surgery were still healing and that Rivera was still in pain), routinely changed her work schedule, and began to micromanage Rivera's work.

21. Rivera complained of the sudden change of attitude by her supervisors toward her and began to cry every day. Soon thereafter Rivera became depressed, anxious, and developed insomnia.

22. Throughout Rivera's employment, her male counterparts who also washed cars and worked as service porters were paid better salaries than Ms. Rivera.

23. On occasions, and since April of 2016, Rivera worked overtime for Lexus, yet Lexus manipulated her time records to show that she did not and as a result Lexus did not pay Rivera all of the overtime that she was owed.

24. On or about February 13, 2019, Lexus and Ferguson terminated Rivera's employment.

25. Lexus and Ferguson used the excuse that Rivera's employment was being terminated because she used one of Lexus' mechanics to install new tires on Rivera's car as a "favor" and without proper payment. However, this is a pretext as all of Lexus' mechanics routinely provide "favors" to Lexus employees and nobody gets reprimanded or fired for this.

26. Up until the time of Rivera's termination, neither Lexus nor Ferguson explained to Rivera her potential rights to leave under the FMLA.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS AGAINST FERGUSON AND LEXUS (FAILURE TO PROVIDE FMLA INFORMATION)

27. Rivera repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. On December 27, 2018, Rivera was eligible for FMLA leave.

29. At all times material, Rivera gave proper notice to Lexus and to Ferguson by informing them of her serious medical condition, which required surgery.

30. Rivera's medical condition, which ultimately led to her surgery and hospitalization, was a serious medical condition.

31. Ferguson had the power to fire Rivera.

32. Ferguson controlled Rivera's conditions of employment.

33. Rivera provided enough information for Lexus to know that her potential leave may be covered by the FMLA.

34. Despite their knowledge of Rivera's medical condition and subsequent need for surgery and hospitalization, Lexus and Ferguson failed to notify Rivera of her eligibility status and rights under the FMLA and failed to notify Rivera whether her leave was or could be designated as FMLA leave.

35. When Lexus and Ferguson failed to notify Rivera of her eligibility status and rights under the FMLA and failed to notify Rivera whether her leave was or could be designated as FMLA leave, these Defendants interfered with Rivera's rights under the FMLA.

36. As a result, Rivera has been damaged.

**WHEREFORE**, Rivera demands judgment against Ferguson and Lexus as follows:

    A. Enter judgment in Rivera's favor and against Ferguson and Lexus for interfering with Rivera's rights under the FMLA;

    B. Award Rivera actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    C. Award Rivera liquidated damages;

    D.  Award Rivera prejudgment interest on her damages award;

    E.  Award Rivera reasonable costs and attorney's fees;

    F.  Award Rivera any further relief pursuant to the FMLA; and

    G.  Grant Rivera such other and further relief, as this Court deems equitable and just.

### COUNT II: INTERFERENCE WITH FMLA RIGHTS AGAINST LEXUS AND FERGUSON (TERMINATION)

37.    Rivera repeats and re-alleges paragraphs 1-26 as if fully stated herein.

38.    On December 27, 2018, Rivera was eligible for FMLA leave.

39.    At all times material, Rivera gave proper notice to Lexus by informing it of her serious medical condition, which required surgery and hospitalization.

40.    Rivera provided enough information for Lexus to know that her potential leave may be covered by the FMLA.

41.    Despite its knowledge of Rivera's medical condition and need for surgery, Lexus and Ferguson terminated Rivera instead of affording her the opportunity to request FMLA leave.

42.    When Lexus and Ferguson fired Rivera, it interfered with Rivera's rights under the FMLA.

43.    As a result, Rivera has been damaged.

**WHEREFORE**, Rivera demands judgment against Lexus and Ferguson as follows:

    A.  Enter judgment in Rivera's favor and against Lexus and Ferguson for interfering with Rivera's rights under the FMLA;

    B.  Order reinstatement or compensatory mental damages;

    C.  Award Rivera actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    D.  Award Rivera liquidated damages;

E.  Award Rivera prejudgment interest on her damages award;

F.  Award Rivera reasonable costs and attorney's fees;

G.  Award Rivera any further relief pursuant to the FMLA; and

H.  Grant Rivera such other and further relief, as this Court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA
## BY LEXUS AND FERGUSON – RETALIATION

44. Rivera repeats and re-alleges paragraphs 1-26 as if fully stated herein.

45. Lexus and Ferguson terminated Rivera following her hospitalization and brief recovery period, which constitute a request for taking FMLA leave.

46. Lexus and Ferguson terminated Rivera because she requested FMLA leave as described above. Specifically, Rivera requested FMLA leave when she explained that she was in pain and later had emergency surgery and hospitalized. Rivera's medical condition was a serious medical condition.

47. Lexus and Ferguson have intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Rivera for having requested to take leave for medical reasons.

48. Rivera's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

49. As a direct and proximate result of the intentional violations by Lexus and by Ferguson of Rivera's rights under the FMLA, Rivera has been damaged.

**WHEREFORE**, Rivera demands judgment against Lexus as follows:

A.  Enter judgment in Rivera's favor and against Lexus and Ferguson for their violations of the FMLA;

B. Award Rivera actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Rivera compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Rivera has suffered and continues to suffer;

D. Award Rivera liquidated damages;

E. Order reinstatement;

F. Award Rivera prejudgment interest on her damages award;

G. Award Rivera reasonable costs and attorney's fees; and

H. Grant Rivera such other and further relief, as this Court deems equitable and just.

**COUNT IV: WAGE AND HOUR FEDERAL
STATUTORY VIOLATION BY LEXUS**

50. Rivera re-adopts each and every factual allegation as stated in paragraphs 1 through 26 above as if set out in full herein.

51. This action is brought by Rivera to recover from Lexus unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

52. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Lexus is and was, at all times pertinent to this complaint, engaged in interstate commerce. At all times pertinent to this complaint, Lexus operates as an organization which sells

8

and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Lexus obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Lexus was at all times material hereto in excess of $500,000.00 per annum, and/or Rivera, by virtue of working in interstate commerce, otherwise satisfies the FLSA's jurisdictional requirements.

53. By reason of the foregoing, Lexus is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Rivera was and/or is engaged in interstate commerce for Lexus. Lexus' business activities involve those to which the Act applies. Lexus is a car dealership and, through its business activity, affects interstate commerce. Rivera's work for Lexus likewise affects interstate commerce. Rivera was employed by Lexus as a car-washer and service porter (valet parking).

54. While employed by Lexus, Rivera occasionally worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which she was employed.

55. Rivera was paid approximately an average of $11.05 per hour. However, Lexus never properly compensated Rivera for all of the hours she worked overtime. Rivera seeks to recover unpaid overtime wages accumulated from 3 (three) years back from the date of the filing of this complaint.

56. Prior to the completion of discovery and to the best of Rivera's knowledge, at the time of the filing of this complaint, Rivera's good faith estimate of unpaid wages is as follows: 2-3 hours of unpaid overtime at least one week or two weeks per month in the last 3 years.

57. At all times material hereto, Lexus failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Rivera performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Lexus to properly pay her at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said Act.

58. Lexus knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Rivera these overtime wages for the past 3 years.

59. Lexus never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

60. Lexus willfully and intentionally refused to pay Rivera overtime wages as required by the laws of the United States as set forth above and remains owing Rivera these overtime wages since the commencement of Rivera's employment with Lexus as set forth above.

61. Lexus willfully and intentionally failed to keep records of all hours worked by Rivera.

62. Rivera has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Rivera requests that this Honorable Court:

A. Enter judgment for Rivera and against Lexus on the basis of Lexus' willful

    violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

  B. Award Rivera actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

  C. Award Rivera an equal amount in double damages/liquidated damages; and

  D. Award Rivera reasonable attorneys' fees and costs of suit; and

  E. Grant such other and further relief, as this Court deems equitable and just and/or available pursuant to Federal Law.

### COUNT V: Sex-Based Pay Discrimination in Violation of Equal Pay Act, 29 U.S.C. § 206(d)(1)

63. Rivera incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 26, above.

64. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

65. Lexus has employed Rivera and male employees in jobs as car washers and service porters, requiring substantially equal skill, effort, and responsibility.

66. Rivera and male employees performed their jobs under similar working conditions.

67. Rivera was paid a lower wage than the male employees doing substantially equal work.

68. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

69. Lexus caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

70. As a direct, legal and proximate result of the discrimination, Rivera has sustained, and will continue to sustain, economic damages to be proven at trial.

71. As a result of Lexus' actions, Rivera has suffered emotional distress, resulting in damages in an amount to be proven at trial. Rivera further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Rivera requests that this Honorable Court:

A. Issue a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;
B. Order reinstatement;
C. Award lost wages and all other compensation denied or lost to Rivera by reason of Defendants' unlawful actions, in an amount to be proven at trial;
D. Award compensatory damages for Rivera's emotional pain and suffering, in an amount to be proven at trial;
E. Award punitive damages in an amount to be determined at trial;

F.  Award liquidated damages;

G.  Award interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

H.  Issue an order enjoining Defendants from engaging in the unlawful acts complained of herein;

I.  Award reasonable attorneys' fees and costs; and

J.  Grant such other and further relief, as this Court deems just and proper.

## JURY DEMAND

Rivera demands trial by jury of all issues triable as of right by jury.

Dated: May 7, 2019.

> By: /s/ R. Martin Saenz
> R. Martin Saenz, Esquire
> Fla. Bar No.: 0640166
> Email: msaenz@saenzanderson.com
> SAENZ & ANDERSON, PLLC
> 20900 N.E. 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Telephone: (305) 503-5131
> Facsimile: (888) 270-5549